Edward F. O'Connor (SBN 123398)
efo@eclipsegrp.com
Stephen M. Lobbin (SBN 181195)
sml@eclipsegrp.com
**THE ECLIPSE GROUP LLP**
550 West C Street, Suite 2040
San Diego, California  92101
Tel:   619.239.4340
Fax:  619.239.0116

Attorneys for Plaintiff **The Eclipse Group LLP**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **The Eclipse Group LLP, a California limited liability partnership,**<br><br>                    Plaintiff,<br><br>         v.<br><br>**Eclipse IP LLC, a Florida limited liability company,**<br><br>                    Defendant. | Case No.  **'13CV1902 JAH  BGS**<br><br>**COMPLAINT FOR:**<br><br>1. **SERVICE MARK INFRINGEMENT;**<br>2. **FALSE DESIGNATION OF ORIGIN;**<br>3. **DILUTION; and**<br>4. **UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff The Eclipse Group LLP ("Plaintiff") hereby alleges as follows:

## NATURE OF ACTION

1.      Service mark infringement, false designation of origin, unfair competition and dilution under federal and California law.

# PARTIES

2. Plaintiff is a California Limited Liability Partnership having a place of business at 550 West C Street, Suite 2040, San Diego, CA 92101.

3. On information and belief, Eclipse IP LLC ("Defendant") is a company organized and existing under the laws of Florida and having a principal place of business address at 115 NW 17th Street, Delray Beach, Florida 33444.

4. On information and belief, Defendant does regular business in this Judicial District and has committed the alleged acts of trademark infringement, false designation of origin, dilution and unfair competition in this judicial district.

# JURISDICTION AND VENUE

5. This action arises under the Lanham Act, 15 U.S.C §§ 1051 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. This Court has personal jurisdiction over Defendant because it engages in a continuous and systematic course of doing business in California and/or has substantial contacts with, transacts and solicits business in and/or has purposefully availed itself of the privileges and benefits of doing business in the State of California. The business of Defendant is pursuing litigation, primarily patent litigation. In particular, Defendant has filed numerous suits throughout the State of California, including in this District, as well as throughout this country, asserting various patent infringement claims.

8. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and 1391(c) because part of the events giving rise to the claims occurred in

the Southern District of California, including patent litigation initiated by Defendant in this District.

## GENERAL ALLEGATIONS

9. "The Eclipse Group" was formed as a general partnership on September 15, 2002 with the purpose of providing professional legal services as a law firm with a primary focus in the field of intellectual property.

10. On January 10, 2006, Plaintiff The Eclipse Group LLP became a successor limited liability partnership to "The Eclipse Group." The Eclipse Group LLP acquired all its predecessor's assets, including goodwill, intellectual property, and other proprietary rights, including the service mark in this suit.

11. Therefore, The Eclipse Group LLP, as the successor in interest of "The Eclipse Group" has all right and title to the claims and bases of "first to use" the mark in commerce.

12. Since 2002, Plaintiff has offered legal services throughout the United States, including the establishment of office locations in Los Angeles, California; Irvine, California; San Diego, California; Chicago, Illinois and Durham, North Carolina.

13. Plaintiff has specialized and continues to specialize, *inter alia*, in the field of patent litigation infringement litigation, in which it enjoys a national reputation.

14. On October 16, 2007 the United States Patent and Trademark Office ("USPTO") issued a federal registration to Plaintiff for its THE ECLIPSE GROUP service mark (Reg. No. 3,312,304) in International Class 42 for "legal services." A copy of Trademark Registration No. 3,312,304 is attached hereto as **Exhibit A.**

15. Plaintiff's mark is a well known and nationally recognized mark.

16. Defendant filed its Articles of Organization for a limited liability company with the Florida Secretary of State on December 14, 2010.

17. Defendant is what is commonly referred to as a patent "troll" i.e. it is in the business of acquiring patents for the sole purpose of suing or otherwise obtaining money from targeted companies. Trolls have a negative reputation in the business community and have recently been criticized by President Obama.

18. Plaintiff is a reputable law firm whose business is legal representation, not the acquisition of patents for the sole purpose of suing or otherwise obtaining money from targeted companies.

19. Defendant's use of "Eclipse" in its business, including filing lawsuits has resulted in confusion, including causing the perception that it is Plaintiff which is filing Defendant's lawsuits.

20. Defendant's use of "Eclipse" has done damage to Plaintiff's reputation as well as diluting its service mark "The Eclipse Group".

21. On May 12, 2011 Defendant filed two patent infringement cases in the United States District Court for the Southern District of Florida.

22. Since its initial filings in May of 2011, Defendant has filed approximately 66 patent infringement suits under its name Eclipse IP LLC. A copy of Docket Navigator is attached hereto as **Exhibit B.** These suits include *Eclipse IP LLC v. Provide Commerce, Inc.*, Case No. 3:12-cv-02184 filed in this Court on September 12, 2012.

23. On or about June 25, 2013, Plaintiff wrote to Defendant to formally allege infringement of Plaintiff's trademark rights, and further demanded that Defendant cease and desist all use of the ECLIPSE name. On or about June 26, 2013, Defendant signed and confirmed receipt of the cease and desist letter. A copy of Plaintiff's June 25, 2013 letter to Defendant is attached hereto as **Exhibit C**. A copy of proof of delivery notice by FedEx is attached hereto as **Exhibit D**.

24. Subsequent to receiving Plaintiff's letter, Defendant has filed numerous additional patent infringement suits using its ECLIPSE name.

# FIRST CLAIM FOR RELIEF

## Infringement of Plaintiff's Registered Service Mark

**(15 U.S.C. §§ 1051, *et. seq.*)**

25. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 24 of this Complaint.

26. THE ECLIPSE GROUP is a valid, enforceable, registered and incontestable service mark.

27. Plaintiff's rights in and to THE ECLIPSE GROUP are prior and superior to any rights in or to the name ECLIPSE IP LLC of Defendant.

28. As a registrant on the Principal Register, Plaintiff is entitled to a legal presumption under 15 U.S.C. § 1072 that it is the exclusive nationwide user of the mark THE ECLIPSE GROUP in connection with "legal services."

29. Defendant's unauthorized use of the name ECLIPSE IP LLC in commerce in connection with the same or similar services reflected on Plaintiff's federal registration for THE ECLIPSE GROUP, in addition to Plaintiff's specialized practice of law, is likely to cause confusion and has in fact caused, mistake, or deception with the services provided by Plaintiff, as well as doing damage to Plaintiff's reputation.

30. Such likelihood of confusion, mistake, or deception infringes Plaintiff's superior service mark rights in and to THE ECLIPSE GROUP in violation of 15 U.S.C. § 1114(1).

31. Plaintiff has been and will continue to be damaged by such likelihood of confusion, mistake, or deception in a manner that cannot be measured or compensated in economic terms. Defendant's actions have damaged and will continue to damage Plaintiff's client base, reputation, and goodwill. Such irreparable harm will continue unless Defendant's acts are restrained and enjoined under 15 U.S.C. § 1116(a).

32. Defendant's infringing use of Plaintiff's mark has been and is deliberate and willful.

## SECOND CLAIM FOR RELIEF

### False Designation of Origin (15 U.S.C. § 1125(a))

33. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 32 of this Complaint.

34. Defendant's unauthorized use of Plaintiff's service mark that is confusingly similar to the distinctive elements of Plaintiff's service mark in connection with the same goods and services constitutes a false designation of origin, false or misleading description and/or false and misleading representation. Such unauthorized use of this service mark is likely to cause confusion, mistake or deception of others as to the affiliation, connection or association (and lack thereof) between Plaintiff and Defendant, and is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval of the goods and services that Defendant offers or performs.

35. Such false designations, descriptions and/or representations constitute unfair competition and infringement of Plaintiff's service mark rights in violation of 15 U.S.C. § 1125(a).

36. Plaintiff has been and will continue to be damaged by such false descriptions, false representations, and false designations of origin in a manner that cannot be measured or compensated in economic terms. Defendant's actions have damaged and will continue to damage Plaintiff's client base, reputation, and goodwill. Such irreparable harm will continue unless Defendant's acts are restrained or enjoined.

37. Defendant's acts also have damaged Plaintiff in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### Dilution (15 U.S.C. § 1125)

38. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 37 of this Complaint.

39. Defendant's conduct constitutes dilution of Plaintiff's well known and nationally recognized mark "The Eclipse Group".

## FOURTH CLAIM FOR RELIEF

### Unfair Competition

40. Plaintiff re-alleges the allegations set forth above in paragraphs 1 through 39 of this Complaint.

41. Defendant's conduct constitutes unfair competition under California law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

1. That the Court issue preliminary and permanent injunctive relief against Defendant, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant, enjoining and restraining them from using the term ECLIPSE or any confusingly similar term in conjunction with any business relating to the practice of law, including, *inter alia*, intellectual property licensing and/or the filing of lawsuits as part of a business of threatening and/or pursuing litigation;

2. That the Court enter an Order directing Defendant to file with this Court and serve on Plaintiff's attorneys within thirty (30) days after service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

3. That the Court enter an Order awarding Plaintiff its actual damages, Defendant's profits, and exemplary damages pursuant to 15 U.S.C. § 1117 in an amount to be determined at trial;

4. That the Court enter an Order awarding Plaintiff its reasonable costs and attorney's fees;

5. That the Court enter an Order awarding Plaintiff its pre- and post-judgment interest; and

6. That the Court grant such additional relief as it deems just and appropriate.

Respectfully submitted,

Dated:  August 15, 2013         **THE ECLIPSE GROUP LLP**

By:   /s/ Edward F. O'Connor
Attorneys for Plaintiff
**THE ECLIPSE GROUP LLP**

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b)(1) and (c), and Civil Local Rule 38.1, Plaintiff hereby demands a jury trial on all the issues in this action triable of right by a jury.

Respectfully submitted,

Dated:  August 15, 2013          **THE ECLIPSE GROUP LLP**

By:   /s/ Edward F. O'Connor
Attorneys for Plaintiff
**THE ECLIPSE GROUP LLP**