UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP LLP, a California limited liability partnership,<br><br>                Plaintiff,<br>v.<br><br>ECLIPSE IP LLC, a Florida limited liability company,<br><br>                Defendant. | Civil No. 13cv1902 JAH (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br>[Doc. Nos. 8, 12] |

**INTRODUCTION**

Plaintiff The Eclipse Group LLP ("Eclipse Group"), a California limited liability partnership that offers legal services in the field of patent infringement litigation filed a complaint on August 15, 2013, for service mark infringement, false designation of origin, dilution and unfair competition, naming Defendant Eclipse IP LLC ("Eclipse IP") as defendant. Plaintiff alleges it became the successor to "The Eclipse Group", a general partnership formed in 2002, and acquired all its assets, goodwill, intellectual property and other proprietary rights, including the service mark at issue in this litigation. Complaint ¶¶ 9, 10. Plaintiff further alleges Defendant's use of "Eclipse" in its business resulted in confusion, damage to Plaintiff's reputation and dilution of the service mark "The Eclipse Group." Id. ¶¶ 19, 20.

Defendant filed a motion to dismiss the complaint. The Court took the matter under submission after the parties fully briefed the motion. Thereafter, Plaintiff filed a

motion for preliminary injunction. Defendant filed an opposition to the motion and Plaintiff filed a reply. Defendant filed an objection to the reply.

The motion was taken under submission without oral argument. After a thorough review of the parties' submissions, the Court GRANTS Defendant's motion to dismiss and DENIES Plaintiff's motion for preliminary injunction.

## DISCUSSION

### I. Defendant's Motion to Dismiss

Defendant requests the Court dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues the complaint lacks factual allegations sufficient to plausibly allege infringement of a registered service mark, false designation of origin, trademark dilution and unfair competition.

### A.     Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must

be plausibly suggestive of a claim entitling the plaintiff to relief. Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002); Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

**B.     Analysis**

**1.  Trademark Infringement Claims**

Defendant argues the complaint fails to allege sufficient facts to show Defendant's use of Plaintiff's mark is commercial and is likely to cause consumer confusion to support a claim for trademark infringement. Specifically, Defendant argues Plaintiff admits in the complaint that Defendant does not sell goods and the complaint is devoid of facts alleging Defendant sells or advertises services using Plaintiff's mark. Defendant further argues even if Plaintiff alleges Defendant uses the mark in commerce, Plaintiff fails to adequately allege any of the eight factors used by courts to evaluate likelihood of confusion.

Plaintiff argues there are sufficient facts showing Defendant uses Plaintiff's mark in commerce. Plaintiff further argues the marks are identical, and are used by Plaintiff and Defendant in conjunction with patent infringement litigation, which alone creates significant likelihood of confusion.

A claim for trademark infringement under Section 1114(1)(a) may be brought against any person who, without the registered trademark owner's consent, "use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services.. .which such use is likely to cause confusion, or to cause mistake, or to deceive." "Infringement claims are subject to a commercial use requirement." Bosley Medical Institute, Inc. v. Kremer, 403 F.3d 672, 676 (9th Cir. 2005). The Ninth Circuit has recognized the meaning of "commercial use" to be "roughly analogous to the 'in connection with' sale of goods and services requirement" of 15 U.S.C. section 1125. Id.

Upon review of the complaint, the Court finds Plaintiff fails to sufficiently allege Defendant's commercial use of the mark. Plaintiff's allegations relating to Defendant's use of the mark include that Defendant is a patent "troll" in the business of acquiring patents for the sole purpose of suing or otherwise obtaining money from targeted companies. Id. ¶ 17. Plaintiff further alleges Defendant filed two patent infringement cases in the United States District Court for the Southern District of Florida on May 12, 2011, and filed approximately 66 patent infringement suits under the name Eclipse IP LLC since that time. Id. ¶¶ 21, 22. Plaintiff's attempt to bolster these factual allegations by setting forth additional facts in its opposition to Defendant's motion to dismiss is improper.[1] These additional allegations are outside the complaint and will not be

---

[1] In its opposition, Plaintiff contends Defendant is in the business of acquiring rights in the proceeds of patents from third-party inventors, then suing on those patent rights to obtain revenue for itself and the inventor, essentially acting in the same capacity as a contingency law firm. Plaintiff further contends by using the term "eclipse" Defendant is informing the public that it provides legal representation to inventors in patent infringement litigation.

considered by the Court.

The complaint is devoid of allegations that Defendant used the mark in connection with the sale of goods or services. Accordingly, Plaintiff fails to state a claim for trademark infringement and the claim is dismissed.

**2. False Designation of Origin**

Defendant argues Plaintiff fails to sufficiently allege a claim for false designation of origin because it fails to plead any facts to permit a conclusion that reasonably prudent consumers are likely to be confused as to source of sponsorship.

Plaintiff argues the analysis concerning false designation of origin is the same as infringement and relies upon its argument as to infringement.

15 U.S.C. section 1125(a) provides:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

Like section 1114, section 1125(a) contains a "commercial use" element. See Hancock Park Homeowners Ass'n Est. 1948 v. Hancock Park Home Owners Ass'n, 2006 WL 4532986 (C.D.Cal. 2006).

As discussed above, Plaintiff fails to allege any "commercial use" by Defendant. Furthermore, Plaintiff's conclusory allegations of Defendant's "false designations, descriptions and/or representations" are insufficient to state a claim for false designation of origin. See Complaint ¶¶ 34, 35. Accordingly, the claim is dismissed.

**3. Trademark Dilution**

1    Defendant argues the complaint does not contain sufficient facts to state a claim
2 for trademark dilution.  Specifically, Defendant argues the complaint contains no facts
3 to show that "The Eclipse Group" mark is famous or that Eclipse IP began using "The
4 Eclipse Group" mark after it became famous, and contains only threadbare allegations
5 of dilution. They further argue there are no allegations Defendant is making commercial
6 use of the mark.

7    Plaintiff argues all Defendant's arguments are arguments of fact and there are
8 clearly sufficient allegations to support a claim for dilution, including allegations that
9 Plaintiff's mark is famous and is being diluted by Defendant's activities.

10    To establish a trademark dilution claim under 15 U.S.C. sectuion 1125(c), a
11 plaintiff must show that: "(1) its mark is famous; (2) the defendant is making
12 commercial use of the mark in commerce; (3) the defendant's use began after the
13 plaintiff's mark became famous; and (4) the defendant's use presents a likelihood of
14 dilution of the distinctive value of the mark." Avery Dennison Corp. v. Sumpton, 189
15 F.3d 868, 873 - 74 (9th Cir.1999).

16    In support of its claim for dilution, Plaintiff alleges it "enjoys a national
17 reputation" and its "mark is well know and nationally recognized." Complaint ¶ 13, 15.
18 Plaintiff further alleges Defendant's use of "Eclipse" is diluting Plaintiff's service mark
19 "The Eclipse Group." Id. ¶ 20.  Plaintiff conclusory allegations are insufficient to state
20 a claim for trademark dilution. Additionally, as discussed above, Plaintiff fails to allege
21 commercial use of the mark by Defendant.  Therefore, the claim is dismissed.

22 **4. Unfair Competition**

23    Defendant argues there are no facts within the complaint to indicate a probability
24 that consumers will be confused as to the source of origin of the services offered by each
25 party to state a claim for unfair competition.

26    Plaintiff argues the analysis concerning unfair competition is the same as for
27 service mark infringement and relies on its argument as to infringement.

28    Plaintiff's claim for unfair competition is derivative of his claims under the

6

Lanham Act for trademark infringement and is subject to the same analysis. See Entrepreneur Media, Inc. v. Smith, 279 F.3d 1135 (9th Cir. 2002). Accordingly, the unfair competition claim fails for the same reasons the Lanham Act claims fail as discussed in detail above.

**5. Leave to Amend**

Defendant argues Plaintiff should not be granted leave to amend because amendment would be futile. This Court, however, finds leave to amend should be granted. See FED.R.CIV.P. 15.

**II. Plaintiff's Motion for Preliminary Injunction**

Plaintiff filed a motion for a preliminary injunction seeking to enjoin Defendant from using its mark. Plaintiff's motion includes no analysis. Instead, Plaintiff lays out the standard for issuance of a preliminary injunction and merely states it meets the criteria. Plaintiff also states, if the Court disagrees with Defendant's position in its motion to dismiss, Plaintiff is entitled to prevail on the merits.

In opposition, Defendant argues there is no likelihood of success on the merits of Plaintiff's claims, and notes Plaintiff sets forth no analysis in support of its request for relief and completely fails to address the balance of equities and public interest.

Plaintiff, for the first time, includes an analysis of the merits of its motion in its reply. Defendant objects. To the extent Plaintiff's new arguments and evidence are made in response to Defendant's arguments in the opposition, the objection is overruled. See Koerner v. Grigas, 328 F.3d 1039 (9th Cir. 2003). Plaintiff's discussion in its reply regarding the balance of equities and public interest are new arguments not in response to any argument set forth in the opposition.

However, this Court does not address those factors because Plaintiff fails to raise even "serious questions" going to the merits of its claims. See Vanguard Outdoor, LLC v. City of Los Angeles, 648 F.3d 737, 740 (9th Cir. 2011) (Holding that a court need not address other preliminary injunction factors if the plaintiff fails to raise even "serious questions" going to the merits). As discussed above, Plaintiff fails to sufficiently plead

claims for relief in its complaint. Additionally, Plaintiff fails to establish it is likely to succeed on the merits of its claims or to even raise "serious questions" going to the merits in its motion for preliminary injunction and its reply. Accordingly, the motion for preliminary injunction is DENIED.

## CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Defendant's motion to dismiss is **GRANTED.** Plaintiff's complaint is dismissed in its entirety without prejudice.
2. If Plaintiff wishes to amend the complaint to cure the deficiencies noted above, Plaintiff shall file a First Amended Complaint **no later than July 1, 2014**.
3. Plaintiff's motion for preliminary injunction is **DENIED**.

Dated:    June 2, 2014

JOHN A. HOUSTON
United States District Judge