1  Matt Olavi (Bar No. 265945)
   molavi@olavidunne.com
2  Brian J. Dunne (Bar No. 275689)
3  bdunne@olavidunne.com
   **OLAVI DUNNE LLP**
4  800 Wilshire Blvd., Suite 320
5  Los Angeles, California 90017
   Telephone:  (213) 516-7900
6  Facsimile:  (213) 516-7910
7
8
   *Attorneys for Defendant ECLIPSE IP LLC*
9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP, LLP, | Case No. 3:13-cv-1902-JAH-BGS |
| Plaintiff, | **ECLIPSE IP LLC MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SANCTIONS** |
| v. | |
| ECLIPSE IP LLC, | Date: August 18, 2014<br>Time: 2:30 p.m.<br>Courtroom: 13B<br>Judge: Hon. John A. Houston |
| Defendant. | |
| | Complaint Filed:  August 15, 2013 |
| | **TRIAL BY JURY DEMANDED** |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ..................................................................................................1

III. LEGAL STANDARDS GOVERNING SANCTIONS .......................................3

    A. Rule 11 .......................................................................................................4

    B. 28 U.S.C. § 1927 .......................................................................................5

    C. The Court's Inherent Authority .................................................................5

IV. ARGUMENT .......................................................................................................5

    A. Sanctions Against Plaintiff and Its Attorneys Are Proper Under Federal Rule of Civil Procedure 11. ...........................................................5

    B. Sanctions Against Plaintiff's Attorneys Are Proper Under 28 U.S.C. § 1927. ............................................................................................8

    C. Federal Courts May Also Impose Sanctions For Bad Faith Acts .............9

    D. The Appropriate Sanction Constitutes The Attorney Fees Relating to Opposing Defendant's Motion and in Bringing this Motion for Sanctions. ...................................................................................................9

V. CONCLUSION ...................................................................................................10

# TABLE OF AUTHORITIES

Cases

*B.K.B. v. Maui Police Dept.*,
  276 F.3d 1091 (9th Cir. 2002) ................................................................... 5

*Chambers v. NASCO, Inc.*,
  501 U.S. 32, 111 S.Ct. 2123, L. Ed. 2d 27 (1991) ................................. 5, 9

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) ................................................................... 4

*Cooter & Gell v. Haatmarx Cor.*,
  496 U.S. 284 (1990) ............................................................................. 4, 6

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001) ................................................................ 4, 5

*Golden Eagle Distrib. Corp. v. Burroughs Corp.*,
  801 F.2d 1531 (9th Cir. 1986) .............................................................. 4, 6

*J.C. and K.B. Investments, Inc. v. Wilson*,
  326 F.3d 1096 (9th Cir. 2003) ................................................................... 4

*Lahiri v. Universal Music & Video Distribution Corp.*,
  606 F.3d 1216 (9th Cir. 2010) ................................................................... 8

*Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*,
  50 F.3d 730 (9th Cir. 1995) ..................................................................... 9

*Mazurek v. Armstrong*,
  520 U.S. 968 (1997) .................................................................................. 6

*Miller v. Los Angeles*,
  No. EDCV 07-806-AP, 2009 WL 1514653, *1 (C.D. Cal. May 28, 2009) ........... 5

*Roadway Express, Inc. v. Piper*,
  447 US 752 (1980) .................................................................................... 9

*Smith v. Ricks*,
  31 F.3d 1478 (9th Cir. 1994) ..................................................................... 5

*Townsend v. Holman Consulting Corp.*,
  929 F.2d 1358 (9th Cir. 1990) .................................................................. 6

*Townsend v. Holmen Consulting Corp.*,
  929 F.2d 1358 (9th Cir. 1990) .................................................................. 7

*Warren v. Guelker*,
  29 F.3d 1386 (9th Cir. 1994) ..................................................................... 4

*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ....................................................................................... 6

*Zaldivar v. City of Los Angeles*,
   780 F.2d 823 (9th Cir. 1986) ......................................................................... 4, 6

Statutes

28 U.S.C. Section 1927 ................................................................................. 1, 4, 7, 9

Rules

Fed. R. Civ. Pro. 11(4) ........................................................................................... 9

Federal Rules of Civil Procedure 11(b)(1, 2, 3) ..................................................... 4

Federal Rules of Civil Procedure 11(c) .................................................................. 4

## I. INTRODUCTION

Plaintiff recklessly and in bad faith filed a frivolous motion for a preliminary injunction ("the PI Motion") and caused Defendant Eclipse IP to expend substantial sums defending against what amounts to nothing more than a litany of frivolous claims. Based on the extreme and frivolous nature of Plaintiff's and its counsel's conduct, it can be and should be sanctioned under 28 U.S.C. Section 1927 and the Court's inherent authority, in addition to the obvious Rule 11 violations. Indeed, by filing a frivolous preliminary injunction motion, Plaintiff has unreasonably and vexatiously "multiplied proceedings" subjecting it to sanctions under 28 U.S.C. Section 1927. Plaintiff's bad faith and unethical conduct also subjects it to monetary sanctions, plus costs and fees under this Court's inherent authority to regulate such conduct.

This Court should impose sanctions against Plaintiff to compensate Eclipse IP for the attorney's fees and expenses it has been forced to incur to date to defend against Plaintiff's frivolous preliminary injunction, to file the instant Motion, and to deter Plaintiff from engaging in such egregious misconduct in the future. Accordingly, Eclipse IP files this motion for sanctions against Plaintiff and its counsel and requests that Plaintiff's counsel be ordered to pay sanctions for Eclipse IP's attorney's fees and other costs as this Court deems appropriate.

## II. BACKGROUND

On August 15, 2013, The Eclipse Group filed the Complaint that initiated these proceedings. D.E. 1. In response, on November 7, 2013, Eclipse IP filed a Motion to Dismiss, pointing out a panoply of irreparable legal and factual deficiencies in all four of the Complaint's claims for relief. D.E. 8. In opposing that Motion to Dismiss, The Eclipse Group filed a meager two-page Opposition (composed mostly of section headings) that included no case citations and did nothing to rebut the plethora of factual and legal arguments offered by Eclipse IP's Motion. D.E. 9.

On March 27, 2014, The Eclipse Group filed this Motion for Preliminary Injunction ("the PI Motion") – almost three years after the alleged injuries began and almost one year after filing the Complaint in this action. *See* D.E. 12. The PI Motion's Memorandum of Points and Authorities is one-and-a-half pages long. It contains a single legal citation and no factual citations to the record. It ignores the facts and the law and relies only on conclusory statements to demonstrate that The Eclipse Group is entitled to the relief requested. Eclipse IP opposed this meritless Motion on May 16, 2014. D.E. 14.

On March 27, immediately after receiving the PI Motion, Mr. Olavi, counsel for Eclipse IP, emailed Mr. O'Connor, a partner at The Eclipse Group and Chair of its Trial Group, to discuss the PI Motion. Olavi Decl., Exh. 1 at p. 3. The following day, March 28, 2014, after attempting to call Mr. O'Connor, Mr. Olavi sent him an email discussing the PI Motion and requesting that The Eclipse Group withdraw it. Olavi Decl., Exh. 1 at p. 2. In this email, Mr. Olavi explained that:

> "I have been through the Motion and the attached declarations and find absolutely no basis to support your requested relief. Your discussion of the factors for granting a preliminary injunction and how those factors apply to this case is half a page long and doesn't contain any facts and includes a single legal citation to *Winter* (identifying the factors for a PI). The Hamilton Declaration is nearly identical to the Declaration included in your Opposition to Eclipse's Motion to Dismiss, your Declaration simply attaches a number of random printouts from Docket Navigator and various websites, and neither even suggests that the Eclipse Group is entitled to the requested injunction.
>
> I think the PI Motion is baseless and that it was filed for an improper purpose – to harass Eclipse IP and to burden it by forcing it to respond to a meritless motion. As a professional courtesy, I just wanted to let you know that if Eclipse IP is forced to respond, it presently intends to seek to recover the costs and fees incurred from yourself, Mr. Lobbin, Ms. Hamilton and/or your firm as a whole. If you would like to discuss this further or explain the basis for your belief that the Eclipse

>Group is entitled to the requested relief in greater detail, please let me know and I will make myself available.

*Id*. For almost two weeks, Mr. Olavi received no response. *See* Olavi Decl., Exh. 1 at p. 1-2. Finally, On April 8, 2014, Mr. O'Connor sent a hostile, two-line email, focusing not on the basis for The Eclipse Group's PI Motion but on ad hominem attacks against Mr. Olavi, such as by incredulously asking whether Mr. Olavi had even attended law school. *Id*. Mr. Olavi immediately replied, reminded Mr. O'Connor of the basic tenets of Civil Procedure,[1] and again offered to discuss the PI Motion further "in a calm, professional way." *Id*. at Exh. 1 at p. 1. Mr. Olavi later had a professional and courteous conversation with Mr. O'Connor and Ms. Hamilton, managing partner at The Eclipse Group, regarding the PI Motion, but no resolution was reached.

On June 3, 2014, The Court ruled on both Eclipse IP's Motion to Dismiss and The Eclipse Group's PI Motion. D.E. 19. In its Order, the Court granted Eclipse IP's Motion to Dismiss on all counts, finding that The Eclipse Group's Complaint failed to adequately plead any of its four alleged causes of action and ordering that "Plaintiff's complaint is dismissed in its entirety without prejudice." *Id*. at 8. In addition, the Court bluntly rejected The Eclipse Group's PI Motion, finding that "Plaintiff's motion includes <u>no</u> analysis" and "fails to raise even 'serious questions' going to the merits of its claims." Id. at 7 (emphasis in original).

## III.  LEGAL STANDARDS GOVERNING SANCTIONS

This Court may sanction parties or their attorneys for improper conduct under three primary sources of authority: Rule 11 of the Federal Rules of Civil Procedure,

---

[1] That "parties may seek to recover costs and fees incurred in responding to frivolous motions that vexatiously multiply the proceedings under Rule 11, Section 1927, and/or the Court's inherent authority…." Olavi Decl., Exh. 1 at p. 1.

28 U.S.C. § 1927, and the Court's inherent power. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

### A. Rule 11

Rule 11 addresses papers filed with the Court. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). It aims to "'reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, ... [thereby] avoid[ing] delay and unnecessary expense in litigation.'" *Id.* at 1127 (quoting *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1986)).

Rule 11 of the Federal Rules of Civil Procedure "provides for the imposition of sanctions when a [pleading] is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994) (discussing motions). By filing a pleading or motion, an attorney thus certifies that it is well grounded in fact and existing law (or a good faith argument for the extension of existing law) and that it is not filed for an improper purpose. Fed. R. Civ. Pro. 11(b)(1, 2, 3); *Christian*, 286 F.3d at 1127. The Court may sanction any attorney, law firm, or party responsible for violating this certification to the extent necessary "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. Pro. 11(c). Absent exceptional circumstances, a law firm must be held jointly liable for a violation committed by its partner, associate, or employee. Fed. R. Civ. Pro. 11(c)(1).

The Ninth Circuit has held that under Rule 11, the imposition of sanctions for either "frivolousness" or an "improper purpose" does not require a finding of subjective bad faith by the signer of the paper. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 829 (9th Cir. 1986), *overruled on other grounds, Cooter & Gell v. Haatmarx Cor.*, 496 U.S. 284 (1990). Rather, the standard for determining whether conduct is sanctionable under Rule 11 is one of "**objective reasonableness**." *J.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109-10 (9th Cir. 2003)

(emphasis added). An "empty-head, pure heart" defense therefore cannot defeat sanctions. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).

### B. 28 U.S.C. § 1927

Sanctions are available under 28 U.S.C. § 1927 when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." This Court may impose sanctions under § 1927 on a showing that an attorney knowingly or recklessly raised a frivolous argument. *See Fink v. Gomez*, 239 F.3d at 993-94; *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002). This Court may award sanctions under § 1927 "for fees, costs, and expenses for unjustified claims." *Miller v. Los Angeles*, No. EDCV 07-806-AP, 2009 WL 1514653, *1 (C.D. Cal. May 28, 2009).

### C. The Court's Inherent Authority

Federal courts additionally have the inherent power to "vindicat[e] judicial authority" by awarding attorneys' fees caused when a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, L. Ed. 2d 27 (1991). "This power reaches both conduct before the court and that beyond the court's confines." *Id.* at 44. It "extends to a full range of litigation abuses," as long as the Court makes a specific finding of "bad faith or conduct tantamount to bad faith." *Id.* at 46; *Fink*, 239 F.3d at 994.

## IV. ARGUMENT

Plaintiff and its attorneys frivolously, unreasonably, vexatiously, and in bad faith filed a baseless motion for a preliminary injunction against Eclipse IP. Accordingly, sanctions are appropriate under the standards of each of the three primary sources of sanctioning authority.

### A. Sanctions Against Plaintiff and Its Attorneys Are Proper Under Federal Rule of Civil Procedure 11.

"[Ninth Circuit] cases have established that sanctions must be imposed on the signer of a paper if either a) the paper is filed for an improper purpose, or b) the

paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). "Sanctions under Rule 11 are mandatory." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1540 (9th Cir. 1986).

The subjective belief of Plaintiff or its attorneys with regard to the motion they filed is immaterial. *Zaldivar,* 780 F.2d at 829 *abrogated on other grounds by Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S. Ct. 2447, 110 L. Ed. 2d 359 (1990). Eclipse IP need only establish objectively, that a competent attorney admitted to practice before the district court would understand that the preliminary injunction motion Plaintiff filed would be violative of Rule 11. *Id.* at 830; *Golden Eagle*, 801 F.2d at 1536. That is readily apparent in the instant case.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). In fact, the Supreme Court has stated that a motion for preliminary injunction carries with it a "requirement for substantial proof" higher than even a motion for summary judgment. *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). Here, The Eclipse Group filed a one-and-a-half page Motion for Preliminary Injunction that lays out the procedural history of the case, identifies the four factors that the moving party must establish by a clear showing to prevail on such a motion for preliminary injunction, then concludes, with no legal analysis, no factual analysis, and no evidence whatsoever that it is entitled to the relief requested. *See* D.E. 19 at 7-8; D.E. 12-1. In fact, the Motion is so deficient that after identifying the four Winter factors for a preliminary injunction, it never again mentioned two of the factors, even though a preliminary injunction "may only be awarded upon a clear showing [on all four factors] that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Applying an objectively reasonable standard, the Motion was clearly both frivolous and brought for an improper purpose. The Eclipse Group is a law firm comprised of experienced litigators that has previously filed many motions seeking

a preliminary injunction, including at least two which were filed last year by Messrs. O'Connor and Lobbin, counsel of record for The Eclipse Group in this case. *See, e.g.*, Olavi Decl., Exhs. 2 and 3. These preliminary injunction motions, filed on behalf of plaintiff AnTerra Group, Inc., are detailed and thorough. They include factual allegations and citations to the record. The motions identify the applicable law, apply the facts to the law, and draw reasoned conclusions, as any non-frivolous motion should. These motions reflect a non-frivolous attempt by competent counsel to make a clear showing that the Anterra Group, Inc. was entitled to the requested relief, and when compared to The Eclipse Group's PI Motion in this case, the differences are shocking.

The Eclipse Group's present PI Motion contains no factual allegations and lacks even a single citation to the record properly before the Court. The PI Motion lists the four *Winter* factors for granting a preliminary injunction, but does not state the law applicable to any factor nor does it apply the (non-existent) facts to the law in a way that would enable it or the Court to draw logical, reasoned conclusions. It doesn't even address two of the four **mandatory** factors, and it demonstrates The Eclipse Group's genuine lack of concern for its success on the merits.

The Eclipse Group knows what is necessary to prevail on a preliminary injunction motion, but ignored those requirements here because it had absolutely no intention of succeeding with the instant PI Motion. This PI Motion is objectively unreasonable, and unlike the motions in *Anterra*, was not designed not to secure relief from the Court, but rather to frivolously, vexatiously, and in bad faith force Eclipse IP to incur substantial costs in opposing it. *See Townsend v. Holmen Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) ("evidence bearing on frivolousness or non-frivolousness will often be highly probative of purpose").

## B. Sanctions Against Plaintiff's Attorneys Are Proper Under 28 U.S.C. § 1927.

"Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Although sanctions imposed under the Court's inherent authority require a bad faith finding, recklessness suffices for § 1927 sanctions. *Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010). Here, the violation is so obvious that Plaintiff's attorneys were clearly reckless, even if they did not file the preliminary injunction motion in bad faith.

As described in the previous section and in Eclipse IP's Opposition to the PI Motion, (D.E. 14), here, Plaintiff The Eclipse Group filed an unnecessary and frivolous preliminary injunction motion with absolutely no chance of success. Then, it unreasonably failed to respond to Eclipse IP's request to drop the motion for a preliminary injunction given the absence of any evidentiary support for such a motion. Plaintiff's actions are the epitome of conduct that unreasonably and vexatiously multiplied the proceedings. Not only were the claims made in the PI Motion meritless, but The Eclipse Group's refusal to promptly respond in any fashion and its refusal to withdraw an already baseless motion caused Eclipse IP to incur significant costs in responding to the frivolous allegations.

Thus, Plaintiff's attorneys at best recklessly filed the PI Motion, and likely filed it for an improper purpose - to vexatiously multiply litigation and to burden Eclipse IP with unnecessary costs. Accordingly, the Court should order Plaintiff's attorneys to satisfy the excess costs, expenses, and attorneys' fees incurred as a result of the filing of Plaintiff's PI Motion.

8  Case No. 3:13-cv-1902-JAH-BGS
**ECLIPSE IP LLC'S MEMORANDUM OF POINTS AND AUTHORITIES**

### C. Federal Courts May Also Impose Sanctions For Bad Faith Acts

Independent of the statutes discussed above, this Court also has inherent power to impose certain sanctions, including an award of attorney fees for "bad faith" conduct. *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 733 (9th Cir. 1995); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46 (1991). This includes situations where an attorney knowingly or recklessly raises a frivolous argument, or abuses the judicial process, or acts vexatiously to harass an opponent, or other conduct of the litigation. *See Roadway Express, Inc. v. Piper*, 447 US 752, 766 (1980). As discussed above, Plaintiff and its counsel filed for a preliminary injunction in bad faith knowing there were no facts to support the drastic requested relief against Eclipse IP, then refused to withdraw the motion.

### D. The Appropriate Sanction Constitutes The Attorney Fees Relating to Opposing Defendant's Motion and in Bringing this Motion for Sanctions.

Rule 11 states that a sanction under the rule, "if imposed on motion and warranted for effective deterrence [may include] an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation. Fed. R. Civ. Pro. 11(4). 28 U.S.C. §1927 states that an attorney who violates the Rule "may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927.

In addition to messenger fees, printing costs, and other miscellaneous expenses, counsel for Eclipse IP and its counsel have spent more than 60 hours defending against The Eclipse Group's bad faith, meritless PI Motion. Counsel for Eclipse is prepared to offer his time entries to the Court *in camera* to document the expenses incurred and time spent.

## V. CONCLUSION

For the foregoing reasons, Defendant Eclipse IP respectfully requests that this Court grant its Motion for Sanctions and grant Eclipse IP costs and reasonable attorneys' fees for its defense of Plaintiff's frivolous preliminary injunction motion and for bringing the instant Motion.

Dated: June 30, 2014            Respectfully submitted,

                                OLAVI DUNNE LLP


                                By: /s/ Matt Olavi
                                Matt Olavi
                                Attorneys for Defendant
                                ECLIPSE IP LLC

# PROOF OF SERVICE

I, Matt Olavi, declare as follows:

I am a citizen of the United States, employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is: 800 Wilshire Blvd., Suite 320, Los Angeles, California 90017.

On June 30, 2014, I caused the following documents to be served:

- **ECLIPSE IP LLC NOTICE OF MOTION AND MOTION FOR SANCTIONS**
- **ECLIPSE IP LLC MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION FOR SANCTIONS**
- **DECLARATION OF MATT OLAVI**
- **PROSPOSED ORDER**

[X]   by the court's electronic filing system. I am familiar with the U.S. District Court, Southern District of California's practice for collecting and processing electronic filings. Under the practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in this case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am a member of the Bar of this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 30, 2014, at Los Angeles, California.

 */s/ Matt Olavi*
Matt Olavi

1    Case No. 3:13-cv-1902-JAH-BGS
**PROOF OF SERVICE**