UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP LLP, a California limited liability partnership,<br><br>                  Plaintiff,<br>v.<br><br>ECLIPSE IP LLC, a Florida limited liability company,<br><br>                  Defendant. | Civil No. 13cv1902 JAH (BGS)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br>**[Doc. No. 20]** |

Pending before this Court is Defendant Eclipse IP's motion for sanctions. The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted, and for the reasons set forth below, this Court DENIES Defendant's motion.

## BACKGROUND

On August 15, 2013, Plaintiff filed a complaint against Defendant for service mark infringement, false designation of origin, unfair competition and dilution. See Doc. No. 1. On November 7, 2013, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted. See Doc. No. 8. Plaintiff filed a motion for preliminary injunction on March 27, 2014. See Doc. No. 12. This Court granted Defendant's motion to dismiss and denied Plaintiff's preliminary injunction. See Doc. No. 19. Thereafter, Defendant filed the instant motion for sanctions. See Doc. No. 20. Plaintiff filed an opposition to the motion and Defendant filed a reply. See Doc. Nos. 23, 25. This Court

took the motion under submission without oral argument pursuant to Local Rule 7.1(d.1).

## DISCUSSION

Defendant argues Plaintiff and its attorneys "frivolously, unreasonably, vexatiously, and in bad faith filed a baseless motion for preliminary injunction against Eclipse IP." Motion at 5. Defendant seeks sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent authority.

**I. Legal Standard**

**A. Rule 11**

Pursuant to Federal Rule of Civil Procedure 11, "[e]very pleading, written motion and other paper shall be signed by at least one attorney of record ... or by a party personally, if the party is unrepresented." FED. R. CIV. P. 11(a). Rule 11 imposes a duty on attorneys or unrepresented parties, to certify by their signature that: (1) they read the pleadings or motions they filed; (2) the pleading or motion is "not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;" (3) is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;" and (4) "the factual contentions have evidentiary support." FED. R. CIV. P. 11(b); Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994). The purpose of this rule is to curb baseless filings. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 397-98 (1990).

Rule 11 imposes an objective test. Paciulan v. George, 38 F. Supp. 2d 1128, 1144 (N.D. Cal. 1999) (citing Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986), *abrogated on other grounds*, 496 U.S. 384 (1990)). "The certification requirements of Rule 11 are violated 'if the paper filed ... is frivolous, legally unreasonable or without factual foundation, even though ... not filed in subjective bad faith.'" Paciulan, 38 F. Supp. 2d at 144 (quoting Zaldivar, 780 F.2d at 831). Under this approach, a pleading or motion is not "warranted by law" where no "'plausible, good faith argument can be made by a competent attorney' in support of the proposition asserted.'" Id. (quoting Zaldivar, 780 F.2d at 833). The court determines whether there was an improper purpose after reviewing

the facts and the law.  Id.

**B.  28 U.S.C. § 1927**

28 U.S.C. section 1927 provides for an award of costs, expenses and attorney's fees against "[a]ny attorney. . .who so multiplies the proceedings in any case unreasonably and vexatiously."  Imposing sanctions under section 1927 requires a finding of bad faith.  See In re Keegan management Co., Securities Litigation, 78 F.3d 431.  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent."  Id.

**C.  Court's Inherent Authority**

A court may issue sanctions under its inherent power when an attorney "act[s] in bad faith, vexatiously, wantonly,... for oppressive reasons." or for "wilfull[..] abuse  [of] judicial processes."  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 766 (1980); Gomez v. Vernon, 255 F.3d 1118, 1133-34 (9th Cir. 2001).  The court's "inherent power extends to a full range of litigation abuses."  Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001).  Where an attorney's conduct does not fall squarely under any statutory provision authorizing sanctions, the court may resort to its inherent authority to fashion a remedy.  See Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991); see also Fink, 239 F.3d at 992 (Ninth Circuit acknowledges the "continuing need for resort to the court's inherent power, because it is "both broader and narrower than other means of imposing sanctions")(citation omitted).  However, the Ninth Circuit has held that a court must make a specific finding of "bad faith or conduct tantamount to bad faith" to impose sanctions under its inherent power.  Gomez, 255 F.3d at 1134; Fink, 239 F.3d at 994.  Although recklessness alone is not enough, recklessness combined with an additional factor such as frivolousness, harassment, or an improper purpose can constitute bad faith.  See B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1108; Fink, 239 F.3d at 994.

**II. Analysis**

Defendant argues sanctions under Rule 11 are proper because Plaintiff's one-and-a-half page motion for preliminary injunction was frivolous and brought for an improper

purpose. Defendant contends the motion for preliminary injunction contained "no legal analysis, no factual analysis, and no evidence whatsoever that it is entitled to the relief requested" and failed to address two of the four factors set fourth in <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008), necessary for receiving a preliminary injunction. Defendant further contends Plaintiff is a law firm comprised of experienced litigators who previously filed motions seeking a preliminary injunction which included factual allegations and citations to the record. Defendant argues Plaintiff knows what is necessary to prevail on a preliminary injunction motion but it ignored the requirements here because it had no intention of succeeding. Defendant maintains the preliminary injunction motion at issue was frivolous and vexatious and in bad faith.

Defendant further argues sanctions are proper under 28 U.S.C. section 1927 because Plaintiff filed an unnecessary and frivolous motion with no chance of success, and unreasonably failed to respond to Defendant's request to drop the motion given the lack of evidentiary support. Defendant maintains Plaintiff's conduct unreasonably and vexatiously multiplied the proceedings.

Additionally, Defendant argues the Court has the inherent authority to impose sanctions for Plaintiff's conduct of filing a motion for a preliminary injunction in bad faith knowing there were no facts to support the relief against Defendant.

In opposition, Plaintiff contends it discussed two of the <u>Winter</u> factors and believe it was unnecessary to discuss the remaining factors in the motion. Plaintiff argues its failure to discuss two of the four factors in <u>Winter</u> is not conduct deserving of sanctions. Plaintiff maintains the Court was required to weigh the evidence and analyze the factors, but it did not because it determined there were insufficient allegations of commercial use in the complaint. Plaintiff maintains it was correct when it stated in its motion that if the Court disagrees with Defendant's position in the motion to dismiss, Plaintiff is entitled to prevail on the merits of the motion. Plaintiff also maintains its motion set forth evidence that "conclusively established" it was entitled to a preliminary injunction. Pla's Opp. at 7.

Plaintiff further argues the Court's granting of Defendant's motion to dismiss is "arguably in error."[1]  Id. at 8.  Plaintiff appears to suggest the Court's dismissal of the complaint with leave to amend demonstrates Rule 11 sanctions are not warranted because the failure of the motion for preliminary injunction was based upon the complaint being insufficiently pled.  Plaintiff further asserts, "[n]otwithstanding the fact that the Court agreed with Defendant's positions regarding the original Complaint and its motion for preliminary injunction, it is respectfully suggested the Defendant's positions are contrary to common sense" and suggest's Defendant's request for sanctions is unconscionable.  Id. at 12.

Plaintiff also argues the law does not support an award of sanctions because it "did an in-depth investigation into Defendant's conduct," and its purpose in seeking an injunction was to protect itself from Defendant's use of its mark.

In reply, Defendant asserts, contrary to Plaintiff's argument, Plaintiff had the burden of establishing all four factors set forth in Winters, not the Court or the facts of the case.  Defendant maintains Plaintiff suggests it had no obligation to provide the Court facts, law or analysis in support of its motion but Plaintiff's motion for preliminary injunction provided nothing to allow the Court to reach a conclusion in its favor.  Additionally, Defendant argues Plaintiff relied on the allegations of the complaint in support of its motion for preliminary injunction which are not evidence.

Defendant argues Plaintiff filed a motion seeking the extraordinary relief of a preliminary injunction that was not supported by the law or the facts and that was so deficient that it could never be granted.  Defendant maintains it did so knowing full well what a motion for a preliminary injunction requires and forced Defendant and the Court to waste time considering it, the Defendant was burdened with responding to it, and the Court wasted time having to rule upon it. Defendant argues the motion was both objectively and subjectively unreasonable, and epitomizes the type of motion that should

---

[1] Plaintiff includes a considerable discussion regarding Defendant's use of the mark which is not relevant to the issue before this Court in the instant motion for sanctions.

subject the filer to sanctions.

Despite Plaintiff's contention it "conclusively established" its entitlement to a preliminary injunction, Plaintiff's motion for a preliminary injunction wholly lacked evidentiary support and contained **no** analysis, factual or legal.[2] Its failure to set forth any analysis or evidence imposed an unfair burden on Defendant when it was required to respond to the deficient motion. The Court agrees the deficient motion suggests reckless conduct by Plaintiff in light of the fact Plaintiff is a law firm comprised of and represented by experienced litigators with sufficient knowledge of the requirements for seeking a preliminary injunction. See Def's Exhs. 2, 3 (Doc. No. 20-2). However, the Court finds insufficient evidence to support or infer an improper purpose or bad faith to warrant sanctions. Further, while Plaintiff failed to assert any argument in support of it motion for preliminary injunction, the Court finds it is not clear that Plaintiff could make no "plausible, good faith argument" in support of the proposition it asserted in it motion. As such, sanctions are not warranted.

## CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED Defendant's motion for sanctions is **DENIED**.

Dated: March 24, 2015

JOHN A. HOUSTON
United States District Judge

---

[2] Instead, Plaintiff appeared to rely completely on the allegations of the complaint. See Pla's Preliminary Injunction Motion at 1 ("Should this Court not agree with Defendant's legal position [in its motion to dismiss], Plaintiff clearly is entitled to prevail on the merits."). Plaintiff now suggests the Court erred in not weighing the evidence or providing an analysis when it denied its motion. However, Plaintiff provided no evidence or facts and it is not the Court's role to make arguments on behalf of any party. The Court found Plaintiff failed to raise "serious questions" going to the merits of its claim and properly denied the meritless motion. See Order at 7 (citing Vanguard Outdoor, LLC v. City of Los Angeles, 648 F.3d 737, 740 (9th Cir. 2011) (holding that a court need not address other preliminary injunction factors if the plaintiff fails to raise even "serious question" going to the merits.)).