1
2
3
4
5
6
7
8                  UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  THE ECLIPSE GROUP LLP, a          )   Civil No. 13cv1902 JAH (BGS)
    California limited liability partnership,  )
11                                     )   **ORDER GRANTING IN PART AND**
                         Plaintiff,    )   **DENYING IN PART**
12  v.                                 )   **DEFENDANT'S MOTION TO**
                                       )   **DISMISS [Doc. No. 22]**
13  ECLIPSE IP LLC, a Florida limited  )
    liability company,                 )
14                                     )
                         Defendant.    )
15  _____ )

16              **INTRODUCTION**

17        Plaintiff The Eclipse Group LLP ("Eclipse Group"), a California limited liability

18  partnership that offers legal services in the field of patent infringement litigation, filed

19  a complaint on August 15, 2013, for service mark infringement, false designation of

20  origin, dilution and unfair competition, naming Defendant Eclipse IP LLC ("Eclipse IP")

21  as defendant.  Defendant moved to dismiss the complaint and Plaintiff filed a motion

22  for preliminary injunction.   Finding Plaintiff failed to sufficiently allege Defendant's

23  commercial use of Plaintiff's mark, the Court granted the motion to dismiss with leave

24  to amend and denied Plaintiff's motion for a preliminary injunction.

25        Plaintiff filed a First Amended Complaint ("FAC") on July 1, 2014, asserting

26  claims for service mark infringement, false designation of origin, dilution, unfair

27  competition under California Business and Professions Code section 17200, dilution

28  under California Business and Professions Code section 14247, and common law unfair

competition.  See Doc. No. 21.  Plaintiff alleges it became the successor to "The Eclipse Group", a general partnership formed in 2002, and acquired all its assets, goodwill, intellectual property and other proprietary rights, including the service mark at issue in this litigation.  Complaint ¶¶ 9, 10.  Plaintiff further alleges Defendant used the name "Eclipse IP LLC" to acquire the rights to enforce certain patents.  Id. ¶ 22.  Plaintiff also alleges concurrent use of Plaintiff's and Defendant's mark has caused confusion and is harming Plaintiff's reputation  Id. ¶¶ 39, 53, 60, 68.

Thereafter, Defendant filed the pending motion to dismiss.  Plaintiff filed an opposition to the motion and Defendant filed a reply.  The motion was taken under submission without oral argument.  After a thorough review of the parties' submissions, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss.

## DISCUSSION

Defendant requests the Court dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    Legal Standard

Rule 12(b)(6) tests the sufficiency of the complaint.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").  Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory.  Robertson, 749 F.2d at 534.  While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547).  A claim is

facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002);  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations.  Ileto v. Glock, Inc., 349 F.3d 1191, 1200 (9th Cir. 2003); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested, and matters of which the Court takes judicial notice.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  If a court determines that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

## II.    Analysis

### A.   Trademark Infringement Claims

Defendant argues Plaintiff's trademark claims fail because the FAC fails to allege sufficient facts to show Defendant's use of Plaintiff's mark is commercial and is likely to cause consumer confusion.

A claim for trademark infringement under Section 1114(1)(a) may be brought against any person who, without the registered trademark owner's consent, "use[s] in

1   commerce any reproduction, counterfeit, copy, or colorable imitation of a registered

2   mark in connection with the sale, offering for sale, distribution, or advertising of any

3   goods or services.. .which such use is likely to cause confusion, or to cause mistake, or

4   to deceive."  15 U.S.C. § 1114.

5   **1.  Commercial Use**

6        Defendant contends Plaintiff concedes that if Defendant does use Plaintiff's mark

7   in commerce, it does so through the use or display of the Plaintiff's mark in the sale or

8   advertising of services.  However, Defendant argues, no factual allegations of Defendant's

9   use or display of the mark in the sale or advertising of services are present here.

10  Defendant maintains Plaintiff distorts the truth and draws unreasonable inferences from

11  the facts in its attempt to allege Defendant uses the mark in connection with the sale or

12  advertising of services, and argues even these half-truths are not enough to save

13  Plaintiff's claims.

14       Defendant maintains the FAC alleges Defendant was created for the purpose of

15  enforcing the patent rights of Scott A. Horstemeyer and Martin Kelly Jones and

16  distribution of any recovery from such enforcement, but goes on to allege, with no

17  factual basis whatsoever, that Defendant acquires patent rights from third parties

18  generally.  The FAC also alleges, with no basis whatsoever, Defendant helps those third

19  parties to enforce their intellectual property rights through litigation.  Defendant argues

20  there are no factual allegations to allow the Court to draw the reasonable inference that

21  Defendant actively acquires rights in patents owned by parties other than Messrs. Jones

22  and Horstemeyer.  Defendant argues once the <u>Iqbal</u> filter is applied to the FAC,

23  removing these conclusory allegations from consideration, virtually no facts at all remain

24  to support a finding that Defendant's use of the purported mark, if any, is "in

25  connection with a commercial transaction in which the trademark is being used to

26  confuse potential customers."  Motion at 9 (citing <u>Bosley Medical Institute, Inc. v.</u>

27  <u>Kremer</u>, 403 F.3d 672, 676 (9th Cir. 2005)).

28       In addition, Defendant argues the FAC contains no facts to allege that Defendant

4                                                          13cv1902

1    advertises services using Plaintiff's mark.

2         Plaintiff argues Defendant engages in the sale of services in commerce as defined
3    by trademark law through the rendering of its services under the mark "Eclipse IP."
4    Plaintiff maintains the use of the mark in providing services constitutes a sale under the
5    statute.   Plaintiff argues by filing lawsuits and entering into agreements for the
6    enforcement of intellectual property rights under "Eclipse IP", with its name on the
7    complaints, settlements and licensing agreements, along with the distribution of proceeds
8    gained by such enforcement of the patents to stakeholders, Defendant is using Plaintiff's
9    mark in the rendering of such services.   Plaintiff further argues in providing those
10   services, which are construed by case law as commercial services, the Defendant uses the
11   Plaintiff's mark in the sale of Defendant's services.  Plaintiff maintains it sets forth in the
12   FAC that Defendant not only uses the mark in the sale of its services, but the manner
13   in which it uses the mark constitutes a publication.

14        Plaintiff contends complaints filed in federal court are matters of public record
15   and Defendant files cases all over the country.  As a result, Plaintiff argues, Defendant
16   is advertising to the public that it provides the services of enforcement of third party
17   patent rights.  Plaintiff argues Defendant's conduct is advertising its services through the
18   filing of lawsuits using Plaintiff's mark.

19        In reply, Defendant argues the FAC does not contain any factual allegations to
20   support Plaintiff's claims because Defendant does not sell or advertise any services.
21   Defendant maintains the only facts in the FAC regarding Defendant's acquisition and
22   enforcement of patent rights are that Messrs. Jones and Horstemeyer transferred their
23   interests in the Horstemeyer patents to Defendant, that outside counsel for Defendant
24   has filed a number of lawsuits against persons and/or entities accused of infringing the
25   Horstemeyer patents, and that proceeds from these lawsuits are distributed.

26        Defendant further argues, in a weak effort to shore up the allegations in the FAC,
27   Plaintiff lists samples of registrations and applications recognizing the protection of
28   marks for similar services, however, Defendant argues, the list is irrelevant because

Defendant does not have a registered trademark in International Class 45 and there is no information about what the entities do other than the vague statements justifying registration in International Class 45.  Defendants also argue the cases listed by Plaintiff in its opposition that are known only to specialists in this area of the law  are not relevant because they each stand for the proposition that if you sell and/or advertise a service, and you use a mark when performing the service, then the mark may qualify as a service mark because it is considered used in the sale or advertising of services.

"Infringement claims are subject to a commercial use requirement."  <u>Bosley Medical Institute, Inc</u>, 403 F.3d at 676.  The Ninth Circuit has recognized the meaning of "commercial use" to be "roughly analogous to the  'in connection with' sale of goods and services requirement" of 15 U.S.C. section 1125.  <u>Id.</u>

As an initial matter, the Court rejects Plaintiff's argument that the rendering of services under a mark constitutes sale of services.  In support of its argument, Plaintiff cites to three decisions of the Trademark Trial and Appeal Board.[1]  Upon review of the decisions, the Court agrees with Defendant that the Appeal Board does not make a finding that the simple rendering of services constitutes sale of services to support commercial use under the Lanham Act.  In each of the decisions, the Appeal Board looks to the various facts and issues, including the use of the mark in the selling or rendering of services, surrounding the applicant business's request for registration of a mark in their decision to reverse the examining attorney's refusal to register the mark.  As such, Plaintiff must allege more than the fact Defendant renders services to properly allege commercial use.

Plaintiff alleges Defendant's "business is enforcing the intellectual property rights of others and distributing the proceeds of such enforcement to various stakeholders," and it used the name Eclipse IP LLC to acquire the rights to enforce certain patents.  FAC

---

[1]<u>In re Red Robin Enterprises, Inc.</u>, 1984 TTAB Lexis 91, 222 U.S.P.Q. (BNA) 911; <u>In re Eagle Fence Rentals, Inc.</u>, 1986 TTAB Lexis 57, 231 U.S.P.Q. (BNA) 228; <u>In re Metriplex, Inc.</u>, 1992 TTAB Lexis 5, 23 U.S.P.Q.2D (BNA) 1315.

¶¶ 21, 22.[2]   Plaintiff also alleges "on information and belief, Eclipse IP was created for the purposes of enforcing the patents [sic] rights of these third parties and distributing any recovery from such enforcement to the various stakeholders.  On information and belief, these stakeholders may include members of the limited liability company Eclipse IP, LLC; inventors; previous owners of the patents; and/or law firms who are engaged in representing Eclipse IP, LLC on an hourly or contingency fee basis."  Id. ¶ 25.  Plaintiff further alleges Defendant filed two patent infringement cases in the United States District Court for the Southern District of Florida on May 12, 2011, and filed approximately 97 patent infringement suits under its trade name, including one in this district.  Id. ¶¶ 27, 28.  Plaintiff asserts "[b]y acquiring patents owned and developed by third parties for enforcement, Defendant is engaged in the service of enforcing intellectual property rights and distribution [sic] the proceeds from such enforcement activities to its stakeholders."  Id. ¶ 29.  Plaintiff also asserts Defendant's enforcement of its patents are reported to the legal community upon filing through "common docket reporting services" and publications of its lawsuits advertise to the legal community and public.  Id. ¶¶ 34, 37.  Plaintiff further alleges Defendant  "entered into agreements with third party patent holders, such as Martin Kelly Jones and Scott A. Hostermeyer, for the enforcement of their intellectual property and distribution of the proceeds from such enforcement to the stakeholders, including the inventor and assignors, in the same manner as Plaintiff has entered into agreement with patent holders to enforce their intellectual property."  Id. ¶ 47.  Plaintiff also alleges Horstemeyer's law firm prosecuted the patents.  Id. ¶ 62.

Assuming the factual allegations are true, and construing all inferences from them in favor of Plaintiff, the Court finds Plaintiff sufficiently allege Defendant's commercial

---

[2]The Court notes the FAC's paragraphs are misnumbered.  There are two paragraphs numbered 20 and two paragraphs numbered 21.  The Court refers to the second paragraphs numbered 21 and 22 on page 5 of the FAC.

1   use of the mark.[3]  See <u>Thompson</u>, 295 F.3d at 895.

2   **2.  Likelihood of Consumer Confusion**

3       Defendant argues the FAC fails to allege a reasonably prudent consumer would

4   likely be "confused as to the source of sponsorship such that she 'is likely to purchase the

5   services under a mistaken belief that the services are, or associated with, the services of

6   another provider.'"  Motion at 11 (citing <u>Murray v. Cable Nat. Broadcsting Co.</u>, 86 F.3d

7   858, 861 (9th Cir. 1996)).

8       Defendant specifically argues Plaintiff's allegations as to the strength of "The

9   Eclipse Group" mark, are vague, conclusory, non-factual, and insufficient as a matter of

10  law.  Defendant maintains Plaintiff's various printouts from its own website is

11  "self-serving, marketing puffery" that falls far short of establishing the strength of the

12  mark.  Motion at 11.  Defendant also argues the FAC's allegations themselves argue

13  against a finding of confusion with respect to the relatedness of the services, because

14  Defendant offers no services.  Defendant further argues the sharing of a single,

15  commonly used word does not suggest a likelihood of confusion as to the sight, sound

16  and meaning of the marks.  Defendant also argues the allegations regarding confusion

17  in the media and by third parties to support actual confusion are irrelevant to the present

18  inquiry because "[t]rademark infringement protects only against mistaken purchasing

19  decisions and not against confusion generally."  Motion at 13 (citing <u>Bosley</u> <u>Medical</u>

20  <u>Institute, Inc</u>, 403 F.3d at 676)).  Defendant contends the FAC does not contain any

21  factual allegations that, for example, someone seeking legal representation intended to

22  seek out Plaintiff but inadvertently hired Defendant,  nor does it contain any allegations

23  that, someone seeking to hire Defendant inadvertently hired Plaintiff.

24      In opposition, Plaintiff argues Defendant's use of Plaintiff's mark is infringing

25  conduct when looking at the <u>Sleekcraft</u> factors.

26

27      [3]Defendant argues Plaintiff resorts to "distorting the truth" in the FAC.  At this
    stage of the proceedings, the Court must assume the factual allegations are true.  If it is
28  later determined Plaintiff filed the FAC knowing it contained false allegations, such
    conduct may be sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

A court considers eight factors, known as the <u>Sleekcraft</u> factors, to determine whether a defendant's use of a mark is likely to cause consumer confusion.  <u>Goto.com, Inc. v. Walt Disney Co,</u>, 202 F.3d 1199, 1205 (9th Cir. 2000).  The factors include: (1) the strength of the mark; (2) the similarity of the marks; (3) the relatedness of the goods; (4) the marketing channels used by the companies; (5) the alleged infringer's intent in selecting it mark; (6) evidence of actual confusion; (7) the likelihood of expansion into other markets, and; (8) the degree of care likely to be exercised by purchasers.  <u>AMF, Inc. v. Sleekcraft Boats</u>, 599 F.2d 341, 348 (9th Cir. 1979).  The factors are not all of equal importance and may not necessarily apply in every case.  <u>See</u> <u>Down v. Abercrombie & Fitch</u>, 265 F.3d 994, 1008 (9th Cir. 2001).  The importance of each individual factor is case-specific.  <u>Brookfield Communications, Inc. v. West Coast Entertainment, Corp.</u>, 174 F.3d 1036, 1054 (9th Cir. 1999).  The court should dismiss the complaint if the court determines, as a matter of law from the pleadings, the goods or services are unrelated and confusion is unlikely.  <u>See</u> <u>Murray</u>, 86 F.3d at 860.

The FAC alleges Plaintiff has become well-known and nationally recognized through the use of the mark and legal representation of Fortune 500 companies.  FAC ¶ 17.  Plaintiff further alleges it "represents numerous inventors, companies and intellectual property owners across a variety of industries and technology segments in connection with procuring and enforcing intellectual property rights, including, but not limited to, patent rights" and provides these services to clients throughout the United States.  <u>Id.</u> ¶¶ 18.  Plaintiff also alleges it continues to market and expand its business "across all industry segments" to potential clients and litigants.  <u>Id.</u> ¶¶ 19, 20.  The FAC also alleges Defendant is engaged in the service of enforcing intellectual propery rights and distribution of proceeds from such enforcement by acquiring patents owned and developed by third parties.  <u>Id.</u> ¶¶ 29, 30.  Plaintiff asserts Defendant's enforcement of patents under the name ECLIPSE IP is widely publicized in the legal community through the "common docket reporting services."  <u>Id.</u> ¶ 34.  Plaintiff also asserts the parties' marks are nearly identical in that both marks share the same dominant term "ECLIPSE."

Id. ¶ 40.  Plaintiff alleges both parties are in the same business of enforcing intellectual property rights through litigation to provide recovery to stakeholders, and both services are routinely discussed in the same publications which are distributed to the same community.  Id. ¶¶ 43, 44.  Plaintiff also alleges the parties' marketing channels are identical in that both Plaintiff and Defendant engage in the same activities in public cases throughout the country.  Id. ¶ 46.  Plaintiff further alleges Defendant has sued third parties that are in the same industry as current and perspective clients of Plaintiff. Id. ¶ 48.  Plaintiff also provides information of actual confusion by the public.  Id. ¶¶ 54 - 59.

Assuming the truth of the allegations, the Court finds Plaintiff sufficiently alleges likelihood of confusion.  Accordingly, Defendant's motion to dismiss is DENIED as to Plaintiff's claim for trademark infringement.

**B.  False Designation of Origin**

Defendant argues the FAC fails to plead any facts to permit a conclusion of "commercial use" or that reasonably prudent consumers are likely to be confused as to source of sponsorship, and therefore, Plaintiff's claim for false designation of origin must fail as a matter of law.

Plaintiff maintains courts use the same analysis for false designation as they do for service mark infringement. Plaintiff argues, as argued in the claim for trademark infringement, the FAC clearly establishes service mark infringement, and therefore establishes false designation.

15 U.S.C. section 1125(a) provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation or origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another

1
2

person's goods, services, or commercial activities shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

3  15 U.S.C. § 1125(a)(1).

4       As discussed above, the Court finds Plaintiff sufficiently alleges "commercial use"

5  and likelihood of confusion.  As such, the motion to dismiss the false designation claim

6  is DENIED.

7  **C. Trademark Dilution**

8       Defendant argues the FAC is devoid of any facts that support a plausible claim for

9  relief under trademark dilution.  Specifically, Defendant argues the FAC contains no

10  facts to show that "The Eclipse Group" mark is famous absent "self-aggrandizing,

11  conclusory statements."  Motion at 17.  Defendant also argues the FAC contains no facts

12  showing it began using "The Eclipse Group" mark after it became famous or that

13  Defendant is making commercial use of the mark.  Defendant further argues there is no

14  factual basis in the FAC to suggest a likelihood of dilution of the distinctive value of the

15  mark.

16       Plaintiff argues the FAC alleges Plaintiff's mark, in conjunction with litigation and

17  intellectual property services, is well known throughout the country.[4]

18       To establish a trademark dilution claim under 15 U.S.C. section 1125(c), a

19  plaintiff must show that: "(1) its mark is famous; (2) the defendant is making

20  commercial use of the mark in commerce; (3) the defendant's use began after the

21  plaintiff's mark became famous; and (4) the defendant's use presents a likelihood of

22  dilution of the distinctive value of the mark."  Avery Dennison Corp. v. Sumpton, 189

23  F.3d 868, 873 - 74 (9th Cir. 1999).  Dilution protection under the act extends "to those

24  whose mark is a 'household name.'"  Nissan Motor Co. v. Nissan Computer Corp., 378

25  F.3d 1002, 1011 (9th Cir. 2004); see also Avery Dennison Corp., 189 F.3d at 875

26  ("Dilution is a cause of action invented and reserved for a select class of marks-those

27  marks with such powerful consumer associations that even non-competing uses can

28

[4]See Section A, supra.

1    impinge on their value.").

2        In support of its claim for dilution, Plaintiff alleges it offers legal services under
3    "The Eclipse Group" mark throughout the United States and has become well-known
4    and nationally recognized.  FAC ¶¶ 12, 17.  Plaintiff further alleges Defendant began
5    using the mark after it "became effective." Id. ¶ 33.  Plaintiff also asserts "Defendant's
6    use of ECLIPSE IP is causing Plaintiff's Mark to be associated and affiliated with
7    activities of a 'patent troll,' which activities are highly criticized and viewed negatively
8    by the public and Plaintiff's clients." Id. ¶ 65.

9        The Court finds Plaintiff's conclusory allegations as to the distinctiveness of the
10   mark are insufficient to state a claim for trademark dilution.  Therefore, the claim is
11   subject to dismissal.

12   **D.  Unfair Competition**

13       Defendant argues the FAC's factual deficiencies also require that Plaintiff's claims
14   for unfair competition under California Business and Professions Code section 17200
15   and under California common law be dismissed.

16       Plaintiff contends the test for unfair competition is exactly the same as that for
17   federal service mark infringement, and for reasons it previously asserted in the discussion
18   for trademark infringement, the FAC meets the test.

19       Plaintiff's claim for unfair competition is derivative of its claims under the
20   Lanham Act for trademark infringement and is subject to the same analysis.  See
21   Entrepreneur Media, Inc. v. Smith, 279 F.3d 1135, 1153 (9th Cir. 2002).  As such,
22   Plaintiff sufficiently alleges its claims for unfair competition.

23   **E.  Dilution Under California Business & Professions Code § 14247**

24       Defendant maintains the Ninth Circuit has held that the analysis under the
25   California statute and federal trademark dilution law is the same.  Therefore, Defendant
26   argues, Plaintiff's claim for dilution under California Business and Professions Code
27   section 14247 must be dismissed.

28       Plaintiff argues this cause of action states a claim for the reasons argued in support

1  of the claim for federal trademark dilution.

2      The analysis for federal dilution claims and California state law dilution claims are

3  the same.  Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 634 (9th Cir. 2008).

4  Accordingly, for the reasons discussed above in section C, the California dilution claim

5  fails.

6  **III.  Leave to Amend**

7      Defendant argues Plaintiff should not be granted leave to amend because there

8  are no facts in existence that Plaintiff can plead to support its claims.  Defendant further

9  argues that Plaintiff fails to prepare a legally sufficient FAC even after getting a second

10  opportunity.

11      Plaintiff contends it is not requesting leave to file a second amended complaint,

12  because it believes that the FAC sets forth a cause of action for service mark infringement

13  as well as other causes of action.  If, however, the Court concludes that there are some

14  deficiencies in the FAC, Plaintiff request leave to correct those deficiencies in a second

15  amended complaint.

16      This Court previously provided Plaintiff leave to amend to properly assert its

17  claims.  The FAC includes many additional factual allegations and includes numerous

18  attachments in support.  In fact, the Court has determined many of the claims are

19  sufficiently pled in the FAC.  Despite being provided an opportunity to assert sufficiently

20  allegations to support its claims, Plaintiff still fails to properly allege facts to support its

21  claims for dilution.  The Court finds leave to amend should not be granted.

22                      **CONCLUSION AND ORDER**

23      Based on the foregoing, **IT IS HEREBY ORDERED** Defendant's motion to

24  dismiss is **GRANTED IN PART AND DENIED IN PART.**  The motion is **GRANTED**

25  as to Plaintiff's claims for federal trademark dilution and dilution under California law.

26  //

27  //

28  //

1   The claims are **DISMISSED without leave to amend**.   The motion is otherwise

2   **DENIED.**

3   Dated:       March 30, 2015

4

5                                           JOHN A. HOUSTON
                                            United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28