Matt Olavi (Bar No. 265945)
molavi@olavidunne.com
Brian J. Dunne (Bar No. 275689)
bdunne@olavidunne.com
**OLAVI DUNNE LLP**
445 S. Figueroa St., Suite 3170
Los Angeles, California 90071
Telephone: (213) 516-7900
Facsimile: (213) 516-7910

*Attorneys for Defendant ECLIPSE IP LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ECLIPSE GROUP, LLP, | Case No. 3:13-cv-1902-JAH-BGS |
| Plaintiff, | **ECLIPSE IP LLC'S ANSWER TO THE ECLIPSE GROUP LLP'S FIRST-AMENDED COMPLAINT** |
| v. | |
| ECLIPSE IP LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

Defendant Eclipse IP LLC ("Defendant") answers the First-Amended Complaint ("Complaint") of Plaintiff The Eclipse Group LLP ("Plaintiff") as follows:

## NATURE OF ACTION

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 1 of the Complaint, and on that basis denies them.

## PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 2 of the Complaint, and on that basis denies them.

3. Defendant admits that it is a company organized and existing under the laws of Florida, and denies the remaining allegations of paragraph 3 of the Complaint.

4. Defendant denies the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admits that the Court has subject matter jurisdiction over the claims asserted under federal law; admits that, pursuant to 28 U.S.C. § 1367, the Court has discretion to exercise supplemental jurisdiction over claims that are so related to claims in an action of which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution; and denies the remaining allegations of paragraph 5 of the Complaint.

6. Defendant admits that the Court has subject matter jurisdiction over the claims asserted under federal law; admits that, pursuant to 28 U.S.C. § 1367, the Court has discretion to exercise supplemental jurisdiction over claims that are so related to claims in an action of which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution; and denies the remaining allegations of paragraph 6 of the Complaint.

**ECLIPSE IP LLC'S ANSWER TO THE ECLIPSE GROUP LLP'S
FIRST-AMENDED COMPLAINT**

7. Defendant admits that this Court has personal jurisdiction over it. Defendant denies the remaining of the allegations in paragraph 7 of the Complaint.

8. Defendant admits that venue is proper in this District. Defendant denies the remaining allegations of paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9 of the Complaint, and on that basis denies them.

10. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10 of the Complaint, and on that basis denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that The Eclipse Group LLP is successor in interest of "The Eclipse Group," and on that basis denies it. Defendant denies the remaining allegations in paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 of the Complaint, and on that basis denies them.

13. Defendant denies that Plaintiff enjoys a national reputation (in acquiring and enforcing the intellectual property rights of others, in patent prosecution and patent infringement litigation, or otherwise). Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 13 of the Complaint, and on that basis denies them.

14. Defendant admits that a document is attached to the Complaint as Exhibit 1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 of the Complaint, and on that basis denies them.

15. Defendant lacks knowledge or information sufficient to form a belief

about the truth of the allegation of paragraph 15 of the Complaint, and on that basis denies them.

16. Defendant admits that a document is attached to the Complaint as Exhibit 2. Defendant denies that Reg. No. 3,312,304 is incontestable. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 16 of the Complaint, and on that basis denies them.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant admits that documents are attached to the Complaint as Exhibits 3, 4, and 5, respectively. Defendant denies that Plaintiff provides services under a valid Mark, on a nationwide basis or otherwise. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 18 of the Complaint, and on that basis denies them.

19. Defendant admits that a document is attached to the Complaint as Exhibit 2, but lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 of the Complaint regarding this document, and on that basis denies them. Defendant denies the remaining allegations of paragraph 19 of the Complaint.

20 (FIRST USE).[1] Defendant denies that Plaintiff has a valid Mark. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 20 (FIRST USE) of the Complaint, and on that basis denies them.

21 (FIRST USE). Defendant admits that a document is attached to the Complaint as Exhibit 7. Defendant denies the remaining allegations of paragraph 21 (FIRST USE) of the Complaint.

20 (SECOND USE). Defendant admits that Articles of Organization for a

---

[1] The Complaint includes two paragraph 20s and two paragraph 21s.

3                                         Case No. 3:13-cv-1902-JAH-BGS
**ECLIPSE IP LLC'S ANSWER TO THE ECLIPSE GROUP LLP'S
FIRST-AMENDED COMPLAINT**

1   limited liability company named Eclipse IP LLC were filed with the Florida
2   Secretary of State on or about December 14, 2010.  Except to the extent expressly
3   admitted above, defendant denies the allegations of paragraph 20 (SECOND USE)
4   of the Complaint.
5        21 (SECOND USE).  Defendant admits that defendant is a limited liability
6   company named Eclipse IP LLC.  Defendant denies the remaining allegations of
7   paragraph 21 (SECOND USE) of the Complaint.
8        22.    Defendant admits that documents are attached to the complaint as
9   Exhibits 8, 9, 10, 11, 12, 13, 14, 16, and 16, respectively.  Except as expressly
10  admitted above, defendant denies the allegations of paragraph 22 of the Complaint.
11       23.    Defendant admits that documents are attached to the complaint as
12  Exhibits 17-25, respectively.  Defendant lacks knowledge or information sufficient
13  to form a belief about the truth of the remaining allegations of paragraph 23 of the
14  Complaint, and on that basis denies them.
15       24.    Defendant denies the allegations of paragraph 24 of the Complaint.
16       25.    Defendant denies the allegations of paragraph 25 of the Complaint.
17       26.    Defendant denies the allegations of paragraph 26 of the Complaint.
18       27.    Defendant admits that on May 12, 2011, Defendant filed two
19  complaints for patent infringement in the United States District Court for the
20  Southern District of Florida.  Defendant lacks knowledge or information to form a
21  belief about the truth of the remaining allegations of paragraph 27 of the Complaint,
22  and on that basis denies them.
23       28.    Defendant admits that a document is attached to the Complaint as
24  Exhibit 26.  Defendant lacks knowledge or information sufficient to form a belief
25  about the truth of the remaining allegations of paragraph 28 of the Complaint, and
26  on that basis denies them.
27       29.    Defendant denies the allegations of paragraph 29 of the Complaint.
28       30.    Defendant denies the allegations of paragraph 30 of the Complaint.

**ECLIPSE IP LLC'S ANSWER TO THE ECLIPSE GROUP LLP'S
FIRST-AMENDED COMPLAINT**

1    31.    Defendant admits that documents are attached to the Complaint as Exhibits 27-30, respectively.  Except as expressly admitted above, defendant denies the allegations of paragraph 31 of the Complaint.

32.    Defendant admits that a document is attached to the complaint as Exhibit 31.  Except as expressly admitted above, defendant denies the allegations of paragraph 32 of the Complaint.

33.    Defendant denies the allegations of paragraph 33 of the Complaint.

34.    Defendant denies the allegations of paragraph 34 of the Complaint.

35.    Defendant admits that documents are attached to the complaint as Exhibit 33.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 35 of the Complaint, and on that basis denies them.

36.    Defendant admits that a document is attached to the complaint as Exhibit 34.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 36 of the Complaint, and on that basis denies them.

37.    Defendant denies the allegations of paragraph 37 of the Complaint.

38.    Defendant admits that a document is attached to the complaint as Exhibit 35.  Except as expressly admitted above, defendant denies the allegations of paragraph 38.

39.    Defendant denies the allegations of paragraph 39 of the Complaint.

40.    Defendant denies the allegations of paragraph 40 of the Complaint.

41.    Defendant admits that the letters "IP" appear in the name "Eclipse IP LLC."  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 41 of the Complaint, and on that basis denies them.

42.    Defendant denies the allegations of paragraph 42 of the Complaint.

43.    Defendant denies the allegations of paragraph 43 of the Complaint.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant admits that documents are attached to the complaint as Exhibits 36 and 37, respectively. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 45 of the Complaint, and on that basis denies them.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 48 of the Complaint, and on that basis denies them.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 49 of the Complaint, and on that basis denies them.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 50 of the Complaint, and on that basis denies them.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 51 of the Complaint, and on that basis denies them.

52. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 52 of the Complaint, and on that basis denies them.

53. Defendant denies that there is any actual confusion. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 53 of the Complaint, and on that basis denies them.

54. Defendant denies that there is any actual confusion. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 54 of the Complaint, and on that basis denies them.

55. Defendant admits that a document is attached to the Complaint as Exhibit 38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 55 regarding the nature of the document attached to the Complaint as Exhibit 38, and on that basis denies them. Defendant denies the remaining allegations of paragraph 55 of the Complaint.

56. Defendant admits that documents are attached to the Complaint as Exhibits 39-40, respectively. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 56 of the Complaint, and on that basis denies them.

57. Defendant admits that a document is attached to the Complaint as Exhibit 41. Defendant denies the remaining allegations of paragraph 57 of the Complaint.

58. Defendant admits that a document is attached to the Complaint as Exhibit 42. Defendant denies the remaining allegations of paragraph 58 of the Complaint.

59. Defendant admits that a document is attached to the Complaint as Exhibit 43. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 59 of the Complaint, and on that basis denies them.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

61. Defendant admits that a document is attached to the Complaint as Exhibit 44. Defendant denies the remaining allegations of paragraph 61 of the Complaint.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 62 of the Complaint, and on that basis denies them.

63. Defendant denies the allegations of paragraph 63 of the Complaint.

64. Defendant denies the allegations of paragraph 64 of the Complaint.

**ECLIPSE IP LLC'S ANSWER TO THE ECLIPSE GROUP LLP'S
FIRST-AMENDED COMPLAINT**

65. Defendant denies the allegations of paragraph 65 of the Complaint.

66. Defendant denies the allegations of paragraph 66 of the Complaint.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation of paragraph 67 of the Complaint, and on that basis denies them.

68. Defendant denies the allegations of paragraph 68 of the Complaint.

69. Defendant admits that documents are attached to the Complaint as Exhibits 45 and 46, respectively. Defendant admits that it received a letter from Plaintiff on or about June 25, 2013. Defendant denies the remaining allegations of paragraph 69 of the Complaint.

70. Defendant admits that it has filed additional patent infringement lawsuits since June 25, 2013. Defendant denies the remaining allegations of paragraph 70 of the Complaint.

71. Defendant denies the allegations of paragraph 71 of the Complaint.

### FIRST CLAIM FOR RELIEF

72. Defendant incorporates its responses to paragraphs 1 through 71 of the Complaint in response to paragraph 72 of the Complaint.

73. Defendant denies the allegations of paragraph 73 of the Complaint.

74. Defendant denies the allegations of paragraph 74 of the Complaint.

75. Defendant denies the allegations of paragraph 75 of the Complaint.

76. Defendant denies the allegations of paragraph 76 of the Complaint.

77. Defendant denies the allegations of paragraph 77 of the Complaint.

78. Defendant denies the allegations of paragraph 78 of the Complaint.

79. Defendant denies the allegations of paragraph 79 of the Complaint.

80. Defendant denies the allegations of paragraph 80 of the Complaint.

81. Defendant denies the allegations of paragraph 81 of the Complaint.

### SECOND CLAIM FOR RELIEF

82. Defendant incorporates its responses to paragraphs 1 through 81 of the

Complaint in response to paragraph 82 of the Complaint.

83. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 83 of the Complaint.

84. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 84 of the Complaint.

85. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 85 of the Complaint.

86. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 86 of the Complaint.

87. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 87 of the Complaint.

88. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 88 of the Complaint.

89. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies

the allegations of paragraph 89 of the Complaint.

90. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 90 of the Complaint.

91. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 91 of the Complaint.

92. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 92 of the Complaint.

**THIRD CLAIM FOR RELIEF**

93. Defendant incorporates its responses to paragraphs 1 through 92 of the Complaint in response to paragraph 93 of the Complaint.

94. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 94 of the Complaint.

95. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 95 of the Complaint.

96. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 96 of the Complaint.

97. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 97 of the Complaint.

98. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 98 of the Complaint.

99. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 99 of the Complaint.

100. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 100 of the Complaint.

101. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 101 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

102. Defendant incorporates its responses to paragraphs 1 through 101 of the Complaint in response to paragraph 102 of the Complaint.

103. Defendant denies the allegations of paragraph 103 of the Complaint.

104. Defendant denies the allegations of paragraph 104 of the Complaint.

105. Defendant denies the allegations of paragraph 105 of the Complaint.

106. Defendant denies the allegations of paragraph 106 of the Complaint.

## FIFTH CLAIM FOR RELIEF

107. Defendant incorporates its responses to paragraphs 1 through 106 of the Complaint in response to paragraph 107 of the Complaint.

108. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 108 of the Complaint.

109. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 109 of the Complaint.

110. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 110 of the Complaint.

111. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 111 of the Complaint.

112. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 112 of the Complaint.

113. Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order. However, to the extent that a response is required, Defendant denies the allegations of paragraph 113 of the Complaint.

114. Defendant does not believe that a response to this paragraph is required,

ECLIPSE IP LLC'S ANSWER TO THE ECLIPSE GROUP LLP'S
FIRST-AMENDED COMPLAINT

because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order.  However, to the extent that a response is required, Defendant denies the allegations of paragraph 114 of the Complaint.

115.   Defendant does not believe that a response to this paragraph is required, because the underlying cause of action was dismissed by the Court in its March 30, 2015 Order.  However, to the extent that a response is required, Defendant denies the allegations of paragraph 115 of the Complaint.

## SIXTH CLAIM FOR RELIEF

116.   Defendant incorporates its responses to paragraphs 1 through 115 of the Complaint in response to paragraph 116 of the Complaint.

117.   Defendant denies the allegations of paragraph 117 of the Complaint.

118.   Defendant denies the allegations of paragraph 118 of the Complaint.

119.   Defendant denies the allegations of paragraph 119 of the Complaint.

120.   Defendant denies the allegations of paragraph 120 of the Complaint.

121.   Defendant denies the allegations of paragraph 121 of the Complaint.

122.   Defendant denies the allegations of paragraph 122 of the Complaint.

123.   Defendant denies the allegations of paragraph 123 of the Complaint.

## REQUEST FOR RELIEF

124.   Defendant denies that Plaintiff is entitled to any relief and denies all allegations contained in paragraphs 1 through 6 of the Request for Relief portion of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

As additional defenses to the Complaint, Defendant (without assuming any burden of proof that is not assigned to it by operation of law) states as follows:

### First Affirmative Defense
### (Failure to State a Claim)

1.   Plaintiff's Complaint and each claim for relief alleged in the Complaint

fail to state a claim upon which relief can be granted.

## Second Affirmative Defense
## (Unclean Hands)

2. The Complaint is barred, either in whole or in part, by the doctrine of unclean hands.

## Third Affirmative Defense
## (Acquiescence)

3. The Complaint is barred, either in whole or in part, by the doctrine of acquiescence.

## Fourth Affirmative Defense
## (Waiver)

4. The Complaint is barred, either in whole or in part, by the doctrine of waiver.

## Fifth Affirmative Defense
## (Estoppel)

5. The Complaint is barred, either in whole or in part, by the doctrine of estoppel.

## Sixth Affirmative Defense
## (Failure to Mitigate Damages)

6. The Complaint is barred, either in whole or in part, because Plaintiff failed to mitigate her purported damages.

## Seventh Affirmative Defense
## (Trademark Non-Infringement)

7. The Complaint is barred, either in whole or in part, because Defendant does not infringe Plaintiff's THE ECLIPSE GROUP mark.

## Eighth Affirmative Defense
## (Statute of Limitations)

8. The Complaint is barred, either in whole or in part, by all applicable

statutes of limitation.

### Ninth Affirmative Defense

### (Punitive Damages--No Compensatory Damages)

9. Plaintiff's claim for punitive damages is barred because Plaintiff has not suffered any compensatory damages.

### Tenth Affirmative Defense

### (Punitive Damages--Due Process)

10. Plaintiff's claim for punitive damages is barred by the Due Process Clause of the 14th Amendment as grossly excessive.

### Eleventh Affirmative Defense

### (Punitive Damages--Out-Of-State Conduct)

11. Plaintiff is barred from seeking punitive damages for out-of-state conduct.

### Twelfth Affirmative Defense

### (Punitive Damages--Statutory Damages)

12. Plaintiff is barred from seeking punitive damages and statutory damages.

### Thirteenth Affirmative Defense

### (Punitive Damages--No Oppression, Fraud or Malice)

13. Plaintiff is barred from seeking punitive damages for failure to allege oppression, fraud or malice.

### Fourteenth Affirmative Defense

### (Punitive Damages—No Reasonable Relation to Actual Damages)

14. Plaintiff is barred from seeking punitive damages which are not in reasonable relation to Plaintiff's actual damages, injury or harm.

### Fifteenth Affirmative Defense

### (Adequate Remedy At Law)

15. Plaintiff's equitable claims are barred because Plaintiff has an adequate

remedy at law.

### Sixteenth Affirmative Defense
### (No Passing Off)

16. Plaintiff's claim for unfair competition is barred because Defendant did not "pass off" any product as Plaintiff's.

### Seventeenth Affirmative Defense
### (First Amendment)

17. Plaintiff's claims are barred by the First Amendment.

### Eighteenth Affirmative Defense
### (No False Designation of Origin)

18. Plaintiff's claims are barred because Defendant made no false designation of origin.

### Nineteenth Affirmative Defense
### (No Unfair Competition)

19. Plaintiff's claims are barred because Defendant did not engage in any unfair competition.

### Additional Affirmative Defenses

20. Defendant reserves the right to assert additional affirmative defenses in this matter.

### PRAYER FOR RELIEF

WHEREFORE, Eclipse IP LLC prays for judgment as follows:

a. Dismissal of the Complaint with prejudice;

b. That the Court enter judgment in favor of Eclipse IP LLC and against The Eclipse Group on all counts asserted;

c. That Defendant be awarded its reasonable attorneys' fees, costs and other expenses incurred in defense of this action; and

d. Such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated April 13, 2015 | Respectfully submitted, |
| 2 | | OLAVI DUNNE LLP |
| 4 | | By: _/s/ Matt Olavi_ |
| 5 | | Matt Olavi |
| 6 | | Attorneys for Defendant<br>ECLIPSE IP LLC |

**ECLIPSE IP LLC'S ANSWER TO THE ECLIPSE GROUP LLP'S
FIRST-AMENDED COMPLAINT**

# PROOF OF SERVICE

I, Matt Olavi, declare as follows:

I am a citizen of the United States, employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is: 445 S. Figueroa St., Suite 3170, Los Angeles, California 90071.

On April 13, 2015, I caused the following documents to be served:

**ECLIPSE IP LLC'S ANSWER TO THE ECLIPSE GROUP LLP'S FIRST-AMENDED COMPLAINT**

[X]   by the court's electronic filing system. I am familiar with the U.S. District Court, Southern District of California's practice for collecting and processing electronic filings. Under the practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in this case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under this practice, the CM/ECF user listed below was served:

I declare that I am a member of the Bar of this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 13, 2015, at Los Angeles, California.

*/s/ Matt Olavi*
Matt Olavi

1   Case No. 3:13-cv-1902-JAH-BGS
**PROOF OF SERVICE**